# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3306

_____

United States of America

*Plaintiff - Appellee*

v.

Russell William Anderson, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 9, 2014
Filed: April 14, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Russell Anderson directly appeals after he pled guilty to drug and money-laundering offenses, and the district court[1] sentenced him to 135 months in prison, the

_____

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

bottom of the advisory Guidelines imprisonment range calculated by the court. Anderson's counsel has filed a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court erred in calculating the Guidelines range and imposed a substantively unreasonable sentence. Counsel also moves for leave to withdraw, and Anderson moves for appointment of new counsel.

We note that Anderson pled guilty pursuant to a plea agreement containing an appeal waiver, and we conclude that the appeal waiver is enforceable. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver is generally enforceable if appeal falls within scope of waiver, defendant entered into both plea agreement and waiver knowingly and voluntarily, and enforcement of waiver would not result in miscarriage of justice; allegation that judge misapplied Guidelines or abused his or her discretion is not basis for finding miscarriage of justice in face of valid appeal waiver). In addition, we have independently reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no non-frivolous issue for appeal, outside the scope of the appeal waiver. Accordingly, we dismiss this appeal, grant counsel's motion to withdraw, and deny Anderson's motion for appointment of new counsel.

_____